UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

| | |
|---|---|
| RAYONIER PERFORMANCE FIBERS, LLC, a Delaware limited liability company,<br><br>  Plaintiff,<br><br>  v.<br><br>AMERISURE INSURANCE COMPANY, a Michigan corporation,<br><br>  Defendant. | Case No.  3:21-cv-962-TJC-PDB<br><br>Hon. Judge Timothy J. Corrigan<br>Magistrate Judge Patricia D. Barksdale |

**DEFENDANT AMERISURE INSURANCE COMPANY'S ANSWER TO PLAINTIFF'S COMPLAINT FOR DECLARATORY RELIEF AFFIRMATIVE DEFENSES AND COUNTERCLAIM**

NOW COMES Defendant/Counterclaim Plaintiff AMERISURE INSURANCE COMPANY, ("AMERISURE") and as its Answer, Affirmative Defenses, and Counterclaim to the Complaint of Plaintiff/Counterclaim Defendant RAYONIER PERFORMANCE FIBERS, LLC ("RPF"), states as follows:

1. Defendant/Counterclaim Plaintiff, AMERISURE, admits the allegations contained in this paragraph.

2. Defendant/Counterclaim Plaintiff, AMERISURE, admits the allegations contained in this paragraph.

3. Defendant/Counterclaim Plaintiff, AMERISURE, admits the allegations contained in this paragraph.

4. Defendant/Counterclaim Plaintiff, AMERISURE, admits that, in this action, it is subject to the jurisdiction of the United States District Court for the Middle District of Florida, Jacksonville Division, but denies the remaining allegations contained in this paragraph.

1

5. Defendant/Counterclaim Plaintiff, AMERISURE, admits that, in this action, it is subject to the jurisdiction of the United States District Court for the Middle District of Florida, Jacksonville Division, but denies the remaining allegations contained in this paragraph..

6. Defendant/Counterclaim Plaintiff, AMERISURE, lacks knowledge or information sufficient to form a belief as to the truth of this allegation and therefore neither admits nor denies said allegations, but demands strict proof thereon.

7. Defendant/Counterclaim Plaintiff, AMERISURE, admits the existence of what is purported to be a contract between RPF and Milton J. Wood Company ("MJW"). Answering further, AMERISURE states that the document referenced speaks for itself and therefore AMERISURE denies the allegations of this paragraph to the extent they mischaracterize or misquote the document.

8. Defendant/Counterclaim Plaintiff, AMERISURE, admits the existence of what is purported to be a contract between RPF and MJW. Answering further, AMERISURE states that the document referenced speaks for itself and therefore AMERISURE denies the allegations of this paragraph to the extent they mischaracterize or misquote the document.

9. Defendant/Counterclaim Plaintiff, AMERISURE, admits the allegations of this paragraph.

10. Defendant/Counterclaim Plaintiff, AMERISURE, lacks knowledge or information sufficient to form a belief as to the truth of this allegation and therefore neither admits nor denies said allegations, but demands strict proof thereon. Answering further, AMERISURE admits that RFP attached as Exhibit 1 to its Complaint what purports to be a Certificate of Insurance, but denies that the Certificate serves to amend, extend, or alter the insurance coverage provided by the

AMERISURE policy issued to MJW or confer any rights to RPF beyond those set forth in the AMERISURE policy.

11.     Defendant/Counterclaim Plaintiff, AMERISURE, admits the AMERISURE policy contains a "Contractor's Blanket Additional Insured Endorsement – Form A," but denies the remaining allegations contained in the first sentence of this paragraph and denies with particularity that the endorsement conferred additional insured status upon RPF.  Answering further, AMERISURE admits that RFP attached as Exhibit 2 to its Complaint the Contractor's Blanket Additional Insured Endorsement – Form A from the AMERISURE policy issued to MJW.

12.     Defendant/Counterclaim Plaintiff AMERISURE, denies the allegations contained in this paragraph.

13.     Defendant/Counterclaim Plaintiff AMERISURE, lacks knowledge or information sufficient to form a belief as to the truth of this allegation and therefore neither admits nor denies said allegations, but demands strict proof thereon.

14.     Defendant/Counterclaim Plaintiff AMERISURE, lacks knowledge or information sufficient to form a belief as to the truth of this allegation and therefore neither admits nor denies said allegations, but demands strict proof thereon.

15.     Defendant/Counterclaim Plaintiff AMERISURE, lacks knowledge or information sufficient to form a belief as to the truth of this allegation and therefore neither admits nor denies said allegations, but demands strict proof thereon.

16.     Defendant/Counterclaim Plaintiff AMERISURE, lacks knowledge or information sufficient to form a belief as to the truth of this allegation and therefore neither admits nor denies said allegations, but demands strict proof thereon.

17. Defendant/Counterclaim Plaintiff AMERISURE, lacks knowledge or information sufficient to form a belief as to the truth of this allegation and therefore neither admits nor denies said allegations, but demands strict proof thereon.

18. Defendant/Counterclaim Plaintiff, AMERISURE, admits the allegations contained in this paragraph and, answering further, admits that RPF attached as Exhibit 3 to its Complaint what is purported to be a true and correct copy of the Complaint in the Underlying Action.

19. Defendant/Counterclaim Plaintiff AMERISURE, denies the allegations contained in this paragraph.

20. Defendant/Counterclaim Plaintiff AMERISURE states that the AMERISURE policy speaks for itself and therefore AMERISURE denies the allegations of this paragraph to the extent they mischaracterize or misquote the document.

21. Defendant/Counterclaim Plaintiff AMERISURE, denies the allegations contained in this paragraph.

22. Defendant/Counterclaim Plaintiff AMERISURE, denies the allegations contained in this paragraph.

23. The allegation contained in this paragraph constitutes a legal conclusion and, as such, Defendant/Counterclaim Plaintiff AMERISURE denies that it is required to answer this allegation. To the extent an Answer to this paragraph is deemed required, Defendant/Counterclaim Plaintiff AMERISURE, denies the allegations contained in this paragraph.

24. Defendant/Counterclaim Plaintiff AMERISURE, lacks knowledge or information sufficient to form a belief as to whether Mr. McLelland pursued and collected workers' compensation benefits from MJW and its workers' compensation carrier and therefore neither admits nor denies said allegations, but demands strict proof thereon. Answering further,

4

AMERISURE denies all other allegations contained in this paragraph and denies with particularity that Mr. McLelland's alleged receipt of workers' compensation benefits has any bearing upon RPF's alleged status as an additional insured under the AMERISURE policy issued to MJW.

25. Defendant/Counterclaim Plaintiff AMERISURE, admits that RPF tendered its defense in the Underlying Action to AMERISURE, that AMERISURE initially agreed to defend RPF in the Underlying Action, that AMERISURE incurred fees and costs in excess of $80,000.00 in providing RPF with a defense, and that AMERISURE has since disclaimed coverage to RPF based upon the terms and conditions of the AMERISURE policy, on the one hand, and the allegations in the Complaint in the Underlying Action and the evidence that has come to light in that case, on the other hand, but denies all remaining allegations of this paragraph and denies with particularity that AMERISURE possesses any obligation to RPF under the AMERISURE policy.

26. Defendant/Counterclaim Plaintiff AMERISURE, denies the allegations of this paragraph.

27. Defendant/Counterclaim Plaintiff AMERISURE, admits that has disclaimed coverage to RPF based upon the terms and conditions of the AMERISURE policy, on the one hand, and the allegations in the Complaint in the Underlying Action and the evidence that has come to light in that case, on the other hand, but denies all remaining allegations of this paragraph and denies with particularity that AMERISURE possessed or possesses any obligation whatsoever to RPF under the AMERISURE policy.

28. Defendant/Counterclaim Plaintiff AMERISURE, lacks knowledge or information sufficient to form a belief as to the truth of this allegation and therefore neither admits nor denies said allegations, but demands strict proof thereon.

29. Defendant/Counterclaim Plaintiff AMERISURE, denies the allegations contained in this paragraph.

## Count I – Breach of Contract

30. Defendant/Counterclaim Plaintiff AMERISURE, reasserts and restates its Answers to paragraphs 1 through 29 as if fully set forth herein.

31. Defendant/Counterclaim Plaintiff AMERISURE, denies the allegations contained in this paragraph.

32. Defendant/Counterclaim Plaintiff AMERISURE, denies the allegations contained in this paragraph.

33. Defendant/Counterclaim Plaintiff AMERISURE, denies the allegations contained in this paragraph.

34. Defendant/Counterclaim Plaintiff AMERISURE, denies the allegations contained in this paragraph.

35. Defendant/Counterclaim Plaintiff AMERISURE, denies the allegations contained in this paragraph.

WHEREFORE, Defendant/Counterclaim Plaintiff, AMERISURE, respectfully requests that this Honorable Court to deny the relief sought by RPF, and instead find and declare that: RPF does not qualify as an insured or additional insured under the AMERISURE Policy; that AMERISURE does not possess a duty to defend or indemnify RPF in the Underlying Action; that RPF is not entitled to any of the relief it seeks in this Count; that RPF is required to reimburse all legal fees and costs that AMERISURE has incurred in providing RPF with a defense in the Underlying Action prior to withdrawing its coverage; and that the Court instead award AMERISURE such other and further relief as this Court deems just and proper.

**Count II – Declaratory Relief**

36. Defendant/Counterclaim Plaintiff AMERISURE, reasserts and restates its Answers to paragraphs 1 through 29 as if fully set forth herein.

37. Defendant/Counterclaim Plaintiff AMERISURE, admits the allegations contained in this paragraph.

38. The allegations contained in this paragraph constitute a legal conclusion and, as such, Defendant/Counterclaim Plaintiff AMERISURE, denies that it is required to answer this allegation. Answering further, AMERISURE denies all of the "contentions" set forth by RPF in this paragraph.

39. The allegations contained in this paragraph constitute a legal conclusion and, as such, Defendant/Counterclaim Plaintiff AMERISURE, denies that it is required to answer this allegation. Answering further, AMERISURE denies that this paragraph accurately states AMERISURE's coverage defenses to RPF's claims and further denies that this paragraph contains all of AMERISURE's available coverage defenses and/or AMERISURE's demands in this action.

40. The allegations contained in this paragraph constitute a legal conclusion and, as such, Defendant/Counterclaim Plaintiff AMERISURE, denies that it is required to answer this allegation. Answering further, AMERISURE denies all of the "assertions" set forth by RPF in this paragraph, including, but not limited to the assertion that the Certificate of Insurance confers to RPF any rights under the AMERISURE policy.

41. The allegations contained in this paragraph constitute a legal conclusion and, as such, Defendant/Counterclaim Plaintiff AMERISURE, denies that it is required to answer this allegation. Answering further, AMERISURE denies all of the "assertions" set forth by RPF in this paragraph.

42. Defendant/Counterclaim Plaintiff AMERISURE, admits that a dispute exists between the parties regarding whether RPF is entitled to a defense and coverage for any potential liability in the Underlying Action, but denies all remaining allegations contained in this paragraph.

WHEREFORE, Defendant/Counterclaim Plaintiff, AMERISURE, respectfully requests that this Honorable Court to deny the relief sought by RPF and deny with particularity the demands set forth in subparagraphs (a) through (j), inclusive, and instead find and declare that: RPF does not qualify as an insured or additional insured under the AMERISURE Policy; that AMERISURE does not possess a duty to defend or indemnify RPF in the Underlying Action; that RPF is not entitled to any of the relief it seeks in this Count; that RPF is required to reimburse all legal fees and costs that AMERISURE has incurred in providing RPF with a defense in the Underlying Action prior to withdrawing its coverage; and that the Court instead award AMERISURE such other and further relief as this Court deems just and proper.

## AFFIRMATIVE DEFENSES

43. As and for its first affirmative defense, Defendant/Counterclaim Plaintiff, AMERISURE, states that RPF's claims are barred by virtue of the fact that the RPF-drafted contract between RPF and MJW did not require that MJW procure insurance coverage under which RPF be named as an additional insured, but rather provided only that MJW was to "endeavor" to procure such coverage, which is insufficient under the AMERISURE policy to confer additional insured coverage to RPF.

44. As and for its second affirmative defense, Defendant/Counterclaim Plaintiff, AMERISURE, states that RPF's claims are barred by virtue of the fact that all of RPF's liability in the Underlying Action is alleged in the Complaint in that action to have been caused, in whole

and in its entirety, by the negligent acts and omissions of RPF and that, as such, RPF cannot qualify as an additional insured under the terms and conditions of the AMERISURE policy.

45. As and for its third affirmative defense, Defendant/Counterclaim Plaintiff, AMERISURE, states that RPF's claims are barred by virtue of the fact that none of RPF's liability in the Underlying Action has been alleged, in the Complaint in that action or in any subsequent pleadings by Plaintiff James McLelland, to have been caused, in whole or in part, by MJW's ongoing operations, but rather resulted solely by RPF's negligent acts or omissions. As such, RPF cannot qualify as an additional insured under the terms and conditions of the AMERISURE policy.

46. As and for its fourth affirmative defense, Defendant/Counterclaim Plaintiff, AMERISURE, states that RPF's claim for breach of contract based upon AMERISURE's alleged "compromising" of RPF's defense is barred because neither RPF nor its defense counsel requested that AMERISURE approve service of offers of settlement to the plaintiffs in the Underlying Action, nor did RPF or its defense counsel seek authorization for retention of experts recommended by defense counsel that was denied by AMERISURE. As such, RPF has waived any breach of contract claims it may possess based upon these false allegations.

47. As and for its fifth affirmative defense, Defendant/Counterclaim Plaintiff, AMERISURE, states that RPF's claims are barred because they rely solely and entirely upon the terms and conditions set forth in a Certificate of Insurance, which was not drafted or produced by AMERISURE and which, by its own terms, provides that it "is issued as a matter of information only and confers no rights upon the Certificate Holder," "does not affirmatively or negatively amend, extend or alter the coverage afforded" by the AMERISURE policy, and "does not constitute a contract" between AMERISURE and the Certificate Holder, *i.e.,* RPF.

48. As and for its sixth affirmative defense, Defendant/Counterclaim Plaintiff, AMERISURE, states that RPF's claims are barred because they rely solely and entirely upon the terms and conditions set forth in a Certificate of Insurance, which fails to satisfy the AMERISURE policy's requirement that the Certificate of Insurance "require additional insured status for a time period during the term" of the AMERISURE policy. As such, RPF cannot qualify as an additional insured under the terms and conditions of the AMERISURE policy.

49. As and for its seventh affirmative defense, Defendant/Counterclaim Plaintiff, AMERISURE, states that RPF's claim for declaratory relief is barred by virtue of the fact that RPF's allegation that AMERISURE possesses a duty to indemnify RPF related to or arising from damages that RPF may be assessed in the Underlying Action is premature and is not ripe for adjudication because no damages have been assessed against RPF in the Underlying Action.

49. As and for its eighth affirmative defense, Defendant/Counterclaim Plaintiff, AMERISURE, states that RPF's claim for declaratory relief is barred by virtue of the fact that, even in the event AMERISURE is found to possesses a duty to defend and indemnify RPF in the Underlying Action, AMERISURE's alleged duty to defend and indemnify would be subject to the Other Insurance clause contained in the AMERISURE policy, which states that its coverage is excess to any other insurance available to the insured and, upon information and belief, RPF was and is being provided insurance coverage for the Underlying Lawsuit by another insurer.

50. As and for its ninth affirmative defense, Defendant/Counterclaim Plaintiff, AMERISURE, states that RPF's claim for declaratory relief fails to state a claim upon which relief can be granted.

**COUNTERCLAIM FOR DECLARATORY RELIEF**

Defendant/Counterclaim Plaintiff, AMERISURE INSURANCE COMPANY ("AMERISURE"), by and through the undersigned counsel, files this Counterclaim against Plaintiffs/Counter-Defendant RAYONIER PERFORMANCE FIBERS, LLC ("RAYONIER" or "RPF") and alleges:

1. This is a claim for declaratory relief pursuant to 28 U.S.C. §§ 2201-2202.

2. Due to RPF's filing of the instant declaratory judgment and breach of contract action, an actual controversy exists between AMERISURE and RFP. More specifically, RPF claims that it qualifies as an insured or additional insured under the AMERISURE policy and, as such, that AMERISURE is required to defend and indemnify RPF in the Underlying Action.

3. Upon information and belief, on or about August 20, 2012, RPF and the Milton J. Wood Company ("MJW") entered into a contract drafted by RPF, termed "Rayonier Terms and Conditions of Purchase – Blanket" (hereinafter "the RPF-MJW contract"). **A copy of the RPF-MJW contract is attached hereto as Exhibit 1.**

4. Nowhere in the RPF-MJW contract is MJW required to purchase an insurance policy under which RPF must be included as a named insured or additional insured. Rather, the sole reference to RPF's inclusion in an insurance policy purchased by MJW is contained in Paragraph 11 – INSURANCE, which provides, in pertinent part, that "Seller [MJW] will endeavor to obtain inclusion of Rayonier as an additional insured under General and Automobile Liability."

5. Upon information and belief, on or about February 28, 2018, James McLelland was an employee and was performing work at a plant owned and operated by RPF pursuant to the RPF-MJW contract when he allegedly was injured on the job.

6. On or about April 14, 2020, James McLelland and Cheri McLelland filed a lawsuit in the Circuit Court in and for Nassau County, Florida, Case No. 20-CA-2185 (the "Underlying Action"), arising from personal injuries allegedly suffered by James McLelland while working on behalf of MJW at a plant owned and operated by RPF. **A copy of the Underlying Complaint is attached hereto as Exhibit 2.**

7. In the Underlying Complaint, plaintiffs have sued RFP as the sole defendant and all of RFP's liability in the Underlying Action is alleged to arise solely and entirely from RFP's alleged negligent acts or omissions in failing to warn Mr. McLelland of the existence of a pipe contained within another, larger pipe upon which Mr. McLelland was working, such that the inner pipe fell out and struck him on the leg, injuring him.

8. More specifically, in the Underlying Complaint, the plaintiffs claim that RFP "breached its duty to Mr. McLelland in originally creating the dangerous condition, in its ongoing neglect of the dangerous condition, failing to provide warning of the dangerous condition, failing to warn of or disclose the clanging condition created by the pipe prior to the shutdown of the plant, failing to communicate information on the pipe system's construction, and failing to provide any information on the reason it desired the pipe's removal." *See* Exhibit 2, at ¶22.

9. Pleading further, the plaintiffs in the Underlying Action aver that "Rayonier's negligent acts caused Mr. McLelland's harm." *See* Exhibit 2, at ¶23.

10. MJW is not a defendant in the Underlying Action and has not been alleged to have been negligent or guilty of any tortious conduct whatsoever in the Underlying Action.

11. No trial has been held and no damages have been assessed against RPF in the Underlying Action.

12. Since the inception of the Underlying Action until its withdrawal from RPF's defense in August 2021, AMERISURE has incurred costs and fees in excess of $80,000.00 (eighty thousand dollars) providing RFP with a defense in the Underlying Action, subject to AMERISURE's reservation of rights.

13. AMERISURE is entitled to reimbursement from RFP of the defense costs and fees it has incurred in providing RFP with a defense, subject to AMERISURE's reservation of rights, because RFP does not qualify as an additional insured under the AMERISURE policy.

14. Upon information and belief, RPF conducted an internal investigation of Mr. McLelland's accident shortly after the incident.

15. Upon information and belief, RPF issued a report stating the conclusions of its own in-house investigation of the accident, in which it stated that Mr. McLelland's accident and related injuries were solely the result of various failures and omissions on the part of RPF.

16. AMERISURE issued to MJW a Commercial General Liability insurance policy bearing Policy No. GL 20245521301, effective 10/1/2017 – 10/1/2018 (the "AMERISURE policy").

17. RPF and/or RAYONIER is not named within the AMERISURE policy issued to MJW, either as an insured or additional insured.  Moreover, neither RPF, RAYONIER, or any RAYONIER entity is referenced in any respect in the AMERISURE policy issued to MJW.

18. The AMERISURE policy issued to MJW contained a Contractor's Blanket Additional Insured Endorsement – Form A (the "AI endorsement").  **A copy of the AI endorsement is attached hereto as Exhibit 4.**

19. The AI endorsement provides, in pertinent part, that:

**1.     a.     SECTION II – WHO IS AN INSURED** is amended to add as an additional insured any person or organization:

      **(1)**    Whom you [MJW] are required to add as an additional insured on this policy under a written contract or written agreement relating to your business; or

      **(2)**    Who is named as an additional insured under this policy on a certificate of insurance.

  **b.**    The written contract, written agreement, or certificate of insurance must:

      **(1)**    Require additional insured status for the time period during the term of this policy; …

\*    \*    \*

**2.**    The insurance provided under this endorsement is limited as follows:

  **a.**    That person or organization is an additional insured only with respect to liability caused, in whole or in part, by:

\*    \*    \*

  **(2)**    Ongoing operations performed by you or on your behalf. Ongoing operations does not apply to "bodily injury" or "property damage" occurring after:

    **(a)**    All work to be performed by you or on your behalf for the additional insured(s) at the site of the covered operations is complete, including related materials, parts or equipment (other than service, maintenance or repairs); or

    **(b)**    That portion of "your work" out of which the injury or damage arises is put to its intended use by any person or organization other than another contractor working for a principal as a part of the same project.

20.     The Complaint in the Underlying Action alleges that RPF's liability in that lawsuit, if any, was caused solely by its own negligent acts or omissions.

21.     There are no allegations in the Complaint in the Underlying Action asserting that RPF's liability was caused, in whole or in part, by MJW's ongoing operations.

22.     Additionally, upon information and belief, even RPF's own, in-house investigation report of Mr. McLelland's accident stated that the accident and, hence, RPF's liability in the Underlying Action was caused solely by RPF's own negligent acts or omissions.

22. RPF's "liability" in the Underlying Action was "caused" by its own negligent acts or omissions and not by MJW's operations on the jobsite. Indeed, if it were not for RPF's allegedly negligent acts or omissions – including those that RPF itself identified through its own investigation – RPF would not face any liability in the Underlying Action. Accordingly, none of RPF's potential liability in the Underlying Action was caused, in whole or in part, by MJW's ongoing operations.

23. Because none of RPF's potential liability in the Underlying Action was caused, in whole or in part, by MJW's ongoing operations, RPF does not qualify as an additional insured under the AMERISURE policy issued to MJW with respect to the Underlying Action.

24. RPF's claim that it is entitled to additional insured status under the AMERISURE policy is based entirely upon a Certificate of Insurance that RPF attached as Exhibit 1 to its Complaint. **A copy of that Certificate of Insurance is attached hereto as Exhibit 5.**

25. The Certificate of Insurance, by its own terms and under Florida law, does not confer any rights upon RPF as the Certificate holder.

26. The Certificate of Insurance states, in pertinent part, that:

THIS CERTIFICATE IS ISSUED AS A MATTER OF INFORMATION ONLY AND CONFERS NO RIGHTS UPON THE CERTIFICATE HOLDER. THIS CERTIFICATE DOES NOT AFFIRMATIVELY OR NEGATIVELY AMEND, EXTEND OR ALTER THE COVERAGE AFFORDED BY THE POLICIES BELOW. THIS CERTIFICATE OF INSURANCE DOES NOT CONSTITUTE A CONTRACT BETWEEN THE ISSUING INSURER(S), AUTHORIZED REPRESENTATIVE OR PRODUCER, AND THE CERTIFICATE HOLDER.

\*   \*   \*

THIS IS TO CERTIFY THAT THE POLICIES OF INSURANCE LISTED BELOW HAVE BEEN ISSUED TO THE INSURED NAMED ABOVE FOR THE POLICY PERIOD INDICATED. NOTWITHSTANDING ANY REQUIREMENT, TERM OR CONDITION OF ANY CONTRACT OR OTHER DOCUMENT WITH RESPECT TO WHICH THIS CERTIFICATE MAY BE

ISSUED OR MAY PERTAIN, THE INSURANCE AFFORDED BY THE POLICIES DESCRIBED HEREIN IS SUBJECT TO ALL THE TERMS, EXCLUSIONS AND CONDITIONS OF SUCH POLICIES. LIMITS SHOWN MAY HAVE BEEN REDUCED BY PAID CLAIMS.

27. The Certificate of Insurance does not require that RPF or any other entity be afforded additional insured status for a time period during the term of the AMERISURE policy, *i.e.,* 10/01/2017 – 10/01/2018. *See* Exhibit 5.

28. The AI endorsement contained in the AMERISURE policy requires that, in order for an "organization" to potentially qualify as an additional insured pursuant to a Certificate of Insurance, the Certificate of Insurance must:

> **(1)** Require additional insured status for the time period during the term of this policy; …

*See* Exhibit 4.

29. Because the Certificate of Insurance at issue does not require that RPF be afforded additional insured status for a time period during the term of the AMERISURE policy, *i.e.,* 10/01/2017 – 10/01/2018, RPF cannot qualify as an additional insured under the AMERISURE policy with regard to the Underlying Action. Accordingly, for this additional reason, AMERISURE does not possess a duty to defend or indemnify RPF in the Underlying Action.

WHEREFORE, Defendant/Counterclaim Plaintiff, AMERISURE respectfully requests that this Honorable Court declare:

(a) that the Complaint in the Underlying Action alleges that RAYONIER/RPF's liability in the Underlying Action is caused solely by its own negligent acts or omissions;

(b) that RAYONIER/RPF's potential liability in the Underlying Action, if any, was caused solely by its own negligent acts or omissions;

(c)  that RAYONIER/RPF's potential liability in the Underlying Action, if any, was not caused, in whole or in part, by MJW's ongoing operations;

(d)  that the Certificate of Insurance does not satisfy the requirements of the AMERISURE policy because it does not require that RPF be afforded additional insured status for a time period during the term of the AMERISURE policy;

(e)  that RAYONIER/RPF does not qualify as an additional insured under the AMERISURE policy pursuant to the terms and conditions of the AMERISURE policy, including, but not limited to, the Contractor's Blanket Additional Insured Endorsement – Form A;

(e)  that AMERISURE has no duty to defend RPF in the Underlying Action;

(f)  that RPF's demand for declaratory relief relating to AMERISURE's alleged duty to indemnify RPF is premature and not ripe for adjudication because RPF has not assessed any damages in the Underlying Action;

(g)  in the event that the issue of RPF's indemnification by AMERISURE is deemed ripe for adjudication, that AMERISURE does not currently – and will not in the future – be required to indemnify RPF for any damages assessed against it in the Underlying Action;

(h)  that AMERISURE is entitled to reimbursement of the fees and costs that it incurred in providing RPF with a defense in this case from its inception through August 2021, in an amount to be determined later;

(i)  and for such further relief as this Court deems proper.

Dated:  October 1, 2021                    HUSTON, MAY & FAYEZ, LLC

                                           By:   /s/ Gerald W. Huston
                                                 GERALD W. HUSTON

                                           **Attorney for Defendant/Cross-Claim Plaintiff Amerisure Insurance Company**

Gerald W. Huston (Fla. Bar. No. 104091)
HUSTON, MAY & FAYEZ, LLC
205 W. Randolph Street, Ste. 950
Chicago, IL 60606
Telephone:  (312) 837-3338
Facsimile:  (312) 600-6971
ghuston@hustonmay.com

CERTIFICATE OF SERVICE:

I HEREBY CERTIFY that on October 1, 2021, a true and correct copy of the foregoing Answer, Affirmative Defenses, and Cross-Claim and related exhibits have been furnished electronically to:

Frederick D. Page
Holland & Knight, LLP
50 North Laura Street, Ste. 3900
Jacksonville, FL 32202

via e-mail and via the Court's CM/ECF system.

|  |  |
|---|---|
| By: | /s/  Gerald W. Huston |
|  | GERALD W. HUSTON |
|  | **Attorney for Defendant/Cross-Claim Plaintiff** |
|  | **Amerisure Insurance Company** |

Gerald W. Huston (Fla. Bar. No. 104091)
HUSTON, MAY & FAYEZ, LLC
205 W. Randolph Street, Ste. 950
Chicago, IL 60606
Telephone:  (312) 837-3338
Facsimile:  (312) 600-6971
ghuston@hustonmay.com