## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## JACKSONVILLE DIVISION

| | | |
|---|---|---|
| RAYONIER PERFORMANCE FIBERS, LLC, a Delaware limited liability company, | ) ) ) ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | Case No.  3:21-cv-962-TJC-PDB |
| AMERISURE INSURANCE COMPANY,  a Michigan corporation, | ) ) ) ) | |
| Defendant. | ) ) | |

## PLAINTIFF'S UNOPPOSED MOTION TO STRIKE CERTAIN PARAGRAPHS OF DEFENDANT'S COUNTERCLAIM AND OPPOSED MOTION FOR SANCTIONS

Plaintiff/Counterclaim Defendant Rayonier Performance Fibers, LLC ("RPF"), pursuant to Rule 12(f), Federal Rules of Civil Procedure, hereby moves on an unopposed basis to strike paragraphs 15, 22 and 22 [sic] of the Counterclaim [Dkt. 7] of Defendant, Amerisure Insurance Company's ("Amerisure").   RPF further moves for sanctions pursuant to Florida's Mediation Confidentiality and Privilege Act, Florida Statutes section 44.401-44.406, because Amerisure made direct and repeated references in its Counterclaim to a confidential document described to Amerisure solely in the context of a confidential mediation.   RPF respectfully submits that Amerisure's actions,

which potentially could undermine or prejudice RPF's defense of the underlying tort action pending in state court, warrant sanctions.

## INTRODUCTION & FACTUAL BACKGROUND

This action involves a dispute over insurance coverage between RPF and Amerisure.  The underlying facts in this case are largely undisputed.

RPF claims it is an additional insured of Amerisure under a liability policy issued to a vendor of RPF, Milton J. Wood Company ("MJW").  One of MJW's employees was injured while repairing industrial piping for MJW at RPF's manufacturing plant in Fernandina Beach, Florida.  After pursuing and recovering workers' compensation benefits from MJW, the injured employee sued RPF in state court in Nassau County for his injuries (*McLelland v. RPF,* Case No. 20-CA-2185 (the "Underlying Action")).

RPF tendered the defense of the Underlying Action to Amerisure, and Amerisure initially agreed to provide a defense to RPF in that action.  Dkt. 4, ¶ 25.  Amerisure has now withdrawn from providing a defense, prompting the filing of this coverage action.  Dkt. 4, ¶ 25.

RPF alleges that Amerisure's actions – refusing to defend RPF in the Underlying Action, refusing to properly investigate, adjust, settle, and attempt to settle the claims in the Underlying Action, and repudiating any obligation to indemnify RPF for any potential liability that could result from the Underlying Action – constitute a breach of MJW's commercial general liability insurance

policy.   Dkt. 4, ¶¶ 30-35.

On September 14, 2021, a mediation conference was held in the Underlying Action.  *See* **Exhibit A** (Amended Mediation Disposition Report).  The mediation was conducted by G. Michael Burnett, a Florida Supreme Court certified mediator.  Amerisure's counsel in the instant action also attended the mediation and heard arguments of counsel for RPF and McLelland.

During the mediation, the parties discussed a post-accident report prepared by RPF that identified certain subsequent remedial measures RPF could take in its plant to try to make the plant safer and avoid similar accidents in the future.  The report was designated as confidential and produced by RPF in the McLelland Litigation pursuant to a confidentiality agreement and is the subject of a pending Motion *in Limine* to avoid its use in the underlying action.  The parties did not reach a resolution at the mediation.

Shortly after the mediation, on October 1, 2021, Amerisure filed its Counterclaim in this case (Dkt. 7).  Amerisure alleged in the Counterclaim:

15.  Upon information and belief, RPF issued a report stating the conclusions of its own in-house investigation of the accident, in which it stated that Mr. McLelland's accident and related injuries were solely the result of various failures and omissions on the part of RPF.

22.  Additionally, upon information and belief, even RPF's own, in-house investigation report of Mr. McLelland's accident stated that the accident and, hence, RPF's liability in the Underlying Action was caused solely by RPF's own negligent acts or omissions.

22.  RPF's "liability" in the Underlying Action was "caused" by its own negligent acts or omissions and not by MJW's operations on the jobsite. Indeed, if it were not for RPF's allegedly negligent acts or omissions – including those that RPF itself identified through its own investigation – RPF would not face any liability in the Underlying Action. Accordingly, none of  RPF's potential liability in the Underlying Action was caused, in whole or in part, by MJW's ongoing operations.

Doc. 7, ¶¶ 15, 22, 22 [sic].

Amerisure does not have a copy of the referenced report and has acknowledged the content of these allegations came from the mediation.  This is not a passing or inadvertent reference to the confidential report; it spans multiple paragraphs of the Counterclaim.  The disclosure could potentially undermine RPF's defense of the Underlying Action or this action, as Amerisure has mischaracterized the content of the report in a context that does not allow RPF to properly respond to the mischaracterizations without itself waiving or violating the mediation privilege and the confidentiality of the document – which RPF refuses to do.

The referenced report is confidential and work product, disclosed to Amerisure solely in the context of a confidential mediation, and produced in the Underlying Action as a confidential document and pursuant to the terms of a Confidentiality Agreement. [1]   Defendant's violations of Florida's Mediation

---

[1] The Confidentiality Agreement, attached hereto as **Exhibit B**, provides that "Counsel for a Party receiving Confidential Material shall not disclose, make available, or communicate such Confidential Material to any person…."  Ex. B, ¶ 4.  The Confidentiality Agreement applies to "[a]ny person to whom delivery, exhibition, or disclosure of any such Confidential Material is

4

Confidentiality and Privilege Act support the imposition of remedial measures.

## LEGAL STANDARD

Confidentiality is a bedrock principle of mediation.  Florida's Mediation Confidentiality and Privilege Act (the "Act") provides that "all mediation communications shall be confidential" and "[a] mediation participant shall not disclose a mediation communication to a person other than another mediation participant or participant's counsel."  Fla. Stat. § 44.405(1); *see also Bowdler v. State Farm Mut. Auto. Ins. Co.*, No. 2:13-CV-539-FTM-38, 2014 WL 2700672, at *2 (M.D. Fla. June 13, 2014).  The Act provides for mandatory civil remedies, including equitable relief, compensatory damages, and attorneys' fees and costs, against any mediation participant who knowingly and willfully discloses a mediation communication.[2]   Fla. Stat. § 44.406(1); *see also Drummond v. Zimmerman*, 454 F. Supp. 3d 1207, 1209 (S.D. Fla. 2020).

Improper references to documents revealed in the context of a confidential mediation are wholly improper and should be stricken.  *Drummond*, 454 F. Supp. 3d at 1209 (granting Defendants' Petition for Mandatory Remedies and determining that sanctions were warranted in connection with Plaintiffs' improper references to documents revealed in context of confidential mediation).

made," which would include Amerisure.  Ex. B, ¶ 5.
[2] The Act applies to all mediations conducted by a mediator certified by the Florida Supreme Court unless the parties specifically agree not to be bound by it.  Fla. Stat. § 44.402.  *See also Drummond v. Zimmerman*, 454 F. Supp. 3d 1207, 1209 (S.D. Fla. 2020).

Similarly, inclusion of portions of mediation statements in public court filings is a clear violation of the Act. *Leigh v. Avossa*, 2017 WL 3608244, at *2 (S.D. Fla. Aug. 21, 2017).

A motion to strike is appropriate where a complaint refers to privileged communications. *See, e.g.*, *Sims v. Roux Labs., Inc.*, No. CIV.A. 06-10454, 2007 WL 2571941 (E.D. La. Aug. 31, 2007). Under Fed. R. Civ. P. 12(f), "the court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Privileged documents and communications are included in Rule 12(f)'s protections. *See McClendon v. Hewlett-Packard Co.*, CV-05-087-S-BLW, 2005 WL 1421395 (D. Idaho June 9, 2005) (granting motion to strike paragraphs of plaintiff's complaint that contained privileged communications).

## ARGUMENT

Here, Amerisure intentionally disclosed information gained from a mediation by filing protected information on the public docket, and these disclosures are *per se* in violation of Florida's Mediation and Confidentiality Privilege Act. The Act is clear – "all mediation communications shall be confidential." Fla. Stat. § 44.405(1). To be clear, RPF contends that intentional disclosure of protected communications occurred, but not that Amerisure intended to violate the Act by those disclosures. This distinction does not mitigate the facts that protected material has been disclosed by an insurer in violation of the Act, nor that RPF's defense of the underlying action may be prejudiced by

6

these disclosures.

Amerisure's actions are particularly egregious considering that Amerisure received this information due to its status as the putative insurer of RPF who had been defending the underlying action for RPF and participated in the mediation at the invitation of RPF.  Amerisure's actions are improper and warrant sanctions.

## I.     Defendant Violated the Act.

By filing its Counterclaim in the public court record describing the purported content of a document discussed exclusively in the confines of a confidential mediation, Defendant violated the Act.  The Act provides that "[a] mediation participant shall not disclose a mediation communication to a person other than another mediation participant or participant's counsel."  Fla. Stat. § 44.405.

The referenced report and any oral communications relating to it constitute protected "mediation communications."  A "mediation communication" is an "oral or written statement . . . by or to a mediation participant made during the course of a mediation…."  Fla. Stat. § 44.403(1).  Here, Amerisure was only made aware of the purported contents of the report through the mediation process.

Second, Amerisure is subject to the Act.  A "mediation participant" is a "mediation party or a person who attends a mediation…."  Fla. Stat. § 44.403(2). Amerisure attended the mediation through counsel.  Accordingly, Amerisure is prohibited from disclosing mediation communications.

Third, RPF is protected by the Act.  RPF constitutes a "party" under the Act because RPF is a named party to the Underlying Action, and was present and participated in the mediation.  Fla. Stat. § 44.403(2).

Amerisure thus violated the Act by publicly filing information learned from a confidential mediation.  The unlawful disclosure subjects Amerisure to the mandatory remedies provided for in the statute.  *See* Fla. Stat. § 44.406(1) ("Any mediation participant who knowingly and willfully discloses a mediation communication in violation of s. 44.405 <u>shall</u>, upon application by any party to a court of competent jurisdiction, be subject to remedies.") (emphasis added).  The key to the sanction question is the "knowingly and willfully discloses" language of the statute, which does not require that a party must "knowingly and willfully" violate the Act to be subject to sanctions.  Here, Amerisure knowingly and willfully filed the Counterclaim, purposefully including in the Counterclaim three separate allegations referencing a confidential report disclosed exclusively in the context of mediation.  This is not a circumstance where a party inadvertently attaches a privileged document to a filing – which would not be knowing or willful.  Here, Amerisure's actions constitute a "knowing and willful" disclosure of mediation communications.

II.    **Violation of the Act Requires The Imposition of Sanctions, Up to and Including Striking the Counterclaims and Monetary Relief.**

The Counterclaim's references to RPF's internal report violate the

8

confidentiality protection afforded by the Act. Accordingly, RPF requests that the Court impose the sanctions contemplated by the Act, up to and including striking the Counterclaim, ordering Amerisure to defend RPF in the underlying action, and awarding monetary relief to RPF of the attorneys' and mediator's fees in the September 2021 mediation and the fees incurred in bringing the instant motion. Such remedies (and more) are available under the Act, and the scope of such remedies is subject to the sound discretion of the Court.

Striking Amerisure's Counterclaim and ordering Amerisure to defend RPF in the underlying action is the appropriate relief here and would tailor sanctions to the violation, while leaving the issue of coverage for any resulting liability of RPF in the underlying action for another day.  Courts routinely order sanctions of this nature for violations of the mediation privilege.  For instance, in *Paranzino v. Barnett Bank of S. Fla., N.A.*, 690 So. 2d 725, 727 (Fla. 4th DCA 1997), the court affirmed the trial court's dismissal of the case, with prejudice, as a sanction for violating an earlier version of the Act where the plaintiff made statements to the Miami Herald regarding a settlement offer made at a court-ordered mediation. The court found that the plaintiff and her attorney "willfully and deliberately disregarded the confidentiality agreement by exposing confidential information, namely the settlement offer, to the media."  *Id.* at 729; *see also Hand v. Walnut Valley Sailing Club*, 475 F. App'x 277, 279 (10th Cir. 2012) (holding that trial court

did not abuse its discretion by concluding that no sanction short of dismissal would adequately admonish the plaintiff for his disregard for, and willful violation of, the confidentiality rule, deter similar conduct by others, and minimize prejudice to the defendant).

Similarly in *Mocombe v. Russell Life Skills*, 2014 WL 11531569, at *19 (S.D. Fla. Oct. 7, 2014), *adopted*, 2014 WL 11531914 (S.D. Fla. Oct. 31, 2014), the court dismissed the plaintiff's complaint with prejudice for violating the Act (and the Local Rule incorporating the Act).   The court reiterated that imposition of a remedy under the Act does not require demonstration of prejudice, yet the court nevertheless found the record established prejudice to the defendants.  *Mocombe*, 2014 WL 11531569 at *22.   The court was unable to craft an adequate sanction "short of dismissal with prejudice which will adequately admonish [plaintiff] for his complete disregard for and willful violation of the confidentiality rule, deter similar conduct by others in the future, restore respect for the court's authority, repair damage caused by the Plaintiff to the integrity of court-ordered mediation, and minimize the prejudice to Defendants." *Id.*

RPF submits that, as in *Paranzino*, *Hand*, and *Mocombe*, striking of the Counterclaim and ordering Amerisure to provide a defense are necessary remedies to adequately admonish Amerisure for its violation of the Mediation Act, deter similar future conduct by itself and others, repair the damage caused by

10

Amerisure to the integrity of mediation, and minimize the potential prejudice to RPF.  These rules should apply with greater force to an insurer participant given its fiduciary owed to its insureds and its extensive experience with the mediation process.

Moreover, monetary relief is also available, and RPF seeks an award comprised of the attorneys' fees, mediators' fees, and costs incurred by them in the September 2021 mediation proceeding, together with the reasonable attorneys' fees and costs incurred by them in the application for remedies under the Act.

## CONCLUSION

In light of Amerisure's violations of Florida's Mediation Confidentiality and Privilege Act, RPF respectfully requests that the Court strike Amerisure's Counterclaim, order Amerisure to provide a full defense in the underlying action, and award RPF monetary relief including an award to RPF of the attorneys' and mediator's fees incurred in the September 2021 mediation and the fees incurred in bringing the instant Motion, and such other and further relief as the Court deems necessary.

## LOCAL RULE 3.01(G) CERTIFICATION

I hereby certify that I have conferred in good faith with the opposing party by telephone on October 21, 2021.  Counsel for Amerisure does not oppose RPF's request to strike paragraphs 15, 22 and 22 [sic] of the Counterclaim, without prejudice to Amerisure's right to seek discovery of the referenced report and to

potential use of the report in this action if permitted.   Counsel for Amerisure opposes RPF's request for sanctions.

October 22, 2021

**HOLLAND & KNIGHT LLP**

By:  /s/ Frederick D. Page
        Frederick D. Page
        Florida Bar NO. 968587
        50 N. Laura Street, Suite 3900
        Jacksonville, FL 32202
        (904) 353-2000
        Facsimile:  (904) 358-1872
        Fred.page@hklaw.com

        *Attorneys for Plaintiff*