UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

| | | |
|---|---|---|
| RAYONIER PERFORMANCE FIBERS, LLC, a Delaware limited liability company, | ) ) ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | Case No.  3:21-cv-962-TJC-PDB |
| AMERISURE INSURANCE COMPANY, a Michigan corporation, | ) ) ) | Hon. Judge Timothy J. Corrigan |
| Defendant. | ) ) | Magistrate Judge Patricia D. Barksdale |

**DEFENDANT/COUNTERCLAIM PLAINTIFF AMERISURE INSURANCE COMPANY'S RESPONSE IN OPPOSITION TO PLAINTIFF/COUNTERCLAIM DEFENDANT RAYONIER'S MOTION FOR SANCTIONS**

Defendant/Counterclaim Plaintiff AMERISURE INSURANCE COMPANY, ("Amerisure") hereby respectfully submits its Response in Opposition to Plaintiff/Counterclaim Defendant RAYONIER PERFORMANCE FIBERS, LLC's ('Rayonier') Motion for Sanctions. In support thereof, Amerisure states as follows:

**INTRODUCTION**

Rayonier's Motion for Sanctions arises from an allegation in Amerisure's Counterclaim for Declaratory Relief relating to a report Rayonier produced in an underlying state court personal injury lawsuit regarding the cause of the plaintiff's injury in that case, which is now central to Plaintiff's liability case in that Underlying Action.  In its sanctions motion, Rayonier argues that, despite the fact the report is already in the possession of both parties in the underlying case, Amerisure should be sanctioned for including allegations in its counterclaim because it learned details of the report during a September mediation in the underlying case.

Rayonier's motion should be denied because the report does not fall within the universe of communications that are meant to be protected as confidential by the applicable Court rules and statute.  Contrary to Rayonier's assertions, all information exchanged at mediation does not fall within mediation confidentiality under Florida law and the Rayonier report, which both parties to the underlying action possess, is among the materials that would fall outside the confidentiality provisions.   Meanwhile, had Amerisure not referenced the report in its counterclaim, a good-faith argument would exist that it waived its claim relating to the contents of the report.

However, even if the Court were to resolve this good-faith dispute in favor of a finding that the report does fall within the scope mediation confidentiality, sanctions would not be warranted. Most significantly, Rayonier has not demonstrated that Amerisure's reference to the report in its counterclaim allegations constitutes bad faith, which, contrary to Rayonier's assertions, is required for an issuance of sanctions.  Rather, the allegation referencing the report, if not clearly falling outside the scope of mediation confidentiality, certainly falls within a good-faith argument regarding the issue and, at the same time, is directly relevant to the insurance coverage issues involved in the instant declaratory judgment action.  Moreover, Rayonier cannot demonstrate any actual or even potential prejudice resulting from Amerisure's allegations regarding the report, given the fact both parties in the underlying action already possess the report.   Likewise, Amerisure's reference to the report does not in any respect compromise the sanctity of the mediation process.  Additionally, Amerisure has already agreed to Rayonier's Unopposed Motion to Strike the allegations at issue, without prejudice to Amerisure' right to seek discovery of the report and to potentially use the report in this action if permitted by the Court.

Finally, the sanctions Rayonier demands are entirely unwarranted.  Contrary to Rayonier's assertions, Florida law states that sanctions for a breach of mediation confidentiality are <u>not</u>

mandatory, but rather within the Court's discretion, should it deem them appropriate and upon a finding of bad faith.   Finally, Rayonier's proposed sanctions are not supported by the circumstances of the good-faith dispute regarding the report at issue, most notably its demand that the Court strike Amerisure's counterclaim, which Florida courts have uniformly agreed is an extraordinary remedy in even the most egregious breaches of confidentiality, which certainly does not exist here.   Rather, if any sanction is warranted at all, which Amerisure denies, it would be limited to striking the allegations at issue without prejudice to Amerisure's right to refiling, to which Amerisure has already agreed and is set forth in Rayonier's Unopposed Motion to Strike.

## **BACKGROUND**

This declaratory judgment action arises from an insurance coverage dispute, in which Rayonier alleges that it is entitled to coverage from Amerisure in the state court personal injury action of *McLelland v. Rayonier*, Case No. 20-CA-2185 (the "Underlying Action" or the "underlying case").   In that case, an employee of the Milton J. Wood Company ("MJW") was injured while repairing a pipe at a Rayonier facility pursuant to a purported contract between Rayonier and MJW.  Dkt. 7, ¶3 of counterclaim.

Rayonier tendered its defense in the Underlying Action to Amerisure, which defended Rayonier subject to a reservation of rights, but subsequently withdrew its defense and declined to defend or indemnify Rayonier in that case.  Dkt. 4,¶25.  More specifically, Amerisure denies that Rayonier qualifies as an "additional insured" under the Amerisure policy and, as such, is not entitled to coverage under the Amerisure policy.  Dkt. 7, ¶¶16-29 of counterclaim.

As part of its coverage defense, Amerisure denies that Rayonier qualifies as an additional insured pursuant to a Contractor's Blanket Additional Insured Endorsement – Form A (the "AI Endorsement), contained in the Amerisure policy issued to MJW.  Dkt. 7, ¶¶19-23 of counterclaim.

3

That AI Endorsement provides, in pertinent part, that the putative additional insured **"is an additional insured only with respect to liability caused, in whole or in part, by: … [o]ngoing operations performed by you [the named insured] or on your [the named insured's] behalf."** Dkt. 7, ¶¶19 of counterclaim.  (Emphases added.)

Amerisure contends that, because the Complaint in the Underlying Action alleges that Rayonier is liable in that case solely due to its own negligent acts or omissions and because Rayonier's liability in the Underlying Action, if any, was caused solely by its own negligent acts or omissions and not caused by MJW's ongoing operations, Rayonier does not qualify as an additional insured pursuant to the AI Endorsement.  Dkt. 7, ¶¶20-23 of counterclaim.  Rayonier has denied all of Amerisure's material allegations relating to the AI Endorsement.  Dkt. 14, ¶¶20-23.  Accordingly, a key issue in Rayonier's Declaratory Judgment action against Amerisure and Amerisure's counterclaim is whether Rayonier's liability in the Underlying Action, if any, was caused in whole or in part by MJW's ongoing operations or whether its liability, if any, was solely the result of its own alleged negligent acts or omissions.

On September 14, 2021, the parties in the Underlying Action participated in a videoconference mediation, which counsel for Amerisure attended.  Declaration of Gerald W. Huston, attached as **Exhibit 1,** at ¶2.  During the "opening session" presentations in the mediation, Plaintiff's counsel in the Underlying Action discussed at considerable length a report drafted by Rayonier following its own in-house investigation and produced by Rayonier through discovery in the Underlying Action regarding Rayonier's role in the accident at issue in that case, including discussion of how Plaintiff intends to make the report a key centerpiece of his liability case against Rayonier.  Exhibit 1, at ¶3.  The report was never described or characterized as confidential by

either party to the mediation.  *Id.*  As Rayonier states in its Motion, the report is subject of a pending motion *in limine* in the Underlying Action.  Dkt. 15, at Pg. 3.

Subsequently, Amerisure filed its counterclaim in this case.  Dkt. 7.  In its counterclaim, addressing the issue of Rayonier's potential liability in the underlying action, as relevant to the Additional Insured Endorsement, Amerisure alleged in three paragraphs that, upon information and belief, Rayonier issued a report of its in-house investigation finding that the accident in the underlying case was the sole result of various failures and omissions on the part of Rayonier.  Dkt. 7, ¶¶15, 22, 22 [sic].  Because Amerisure's counsel has not seen the report discussed by the plaintiff's counsel and does not possess a copy, all of Amerisure's allegations regarding the report in its counterclaim are set forth based solely upon information and belief.  Exhibit 1, ¶4.

In its Motion for Sanctions, Rayonier argues that Amerisure's allegations relating to the Rayonier report violated mediation confidentiality and that this Court is required to issue sanctions against Amerisure pursuant to the provisions of the Florida Mediation Confidentiality and Privilege Act, Fla. Stat. §§44.405-44.406.

## LEGAL STANDARDS AND ARGUMENT

Rayonier's Motion for Sanctions is not well-founded under Florida law in light of the facts of this case and should be denied on numerous grounds.  First and foremost, the allegation in Amerisure's counterclaim regarding the Rayonier report, a document already possessed by both parties in the Underlying Action and a central issue in that case as well as the instant declaratory judgment action, did not fall within the universe of protected confidential mediation communications.

However, even if this Court were to find the allegations fell within the scope of confidential mediation information, Rayonier's motion should still be denied because the issuance of sanctions

is only appropriate upon a showing of bad faith, which has not been alleged nor demonstrated in light of the facts at issue.  Moreover, Rayonier has not specifically alleged how Amerisure's allegations regarding a report already in the possession of both parties in the Underlying Action could even potentially prejudice Rayonier in that case or elsewhere.  Finally, the specific sanctions sought by Rayonier reach far beyond what are supported by Florida law.  Accordingly, for these reasons, Rayonier's Motion for Sanctions should be denied.

I.      **Amerisure's Allegations Regarding the Rayonier Report Fall Outside
         The Scope of Mediation Confidentiality and Therefore are Not Sanctionable**

Under Florida law, the " 'purpose of the ban on disclosure of mediation communications is to preclude admission of settlement offers between parties who are opposing parties at the trial in which the evidence of the settlement is sought to be introduced.' "  *Scott v. Miami Dade Cty.*, No. 13-23013-CV, 2021 WL 1653351, at *4 (S.D. Fla. Jan. 6, 2021) *quoting Carles Const., Inc. v. Travelers Cas. & Sur. Co. of Am.*, 56 F. Supp. 3d 1259, 1272 (S.D. Fla. 2014).  The *Scott* Court further quoted *Carles* for the principle that the purpose of mediation confidentiality "serves the parties and the Court because, '[m]ediation could not take place if litigants had to worry about admissions against interest being offered into evidence at trial, if a settlement was not reached.'" *Id.*  Meanwhile, other Courts have noted the interest in preventing a "chill" to mediation proceedings potentially caused by disclosure of confidential mediation communications.  *See e.g., Procaps, S.A., v. Patheon, Inc.,* 2014 WL 5410300 (S.D. Fla. 2014).

However, Florida courts have long held that not all matters presented at mediation fall within the universe of confidential mediation communications.  For example, the District Courts have permitted the use of confidential mediation communications to determine whether removal is proper. *Conklin v. OneBeacon Am. Ins. Co.*, No. 618CV636ORL40TBS, 2018 WL 3067846, at *4 (M.D. Fla. 2018) *citing Floyd v. Wal Mart Stores East, LP,* No. 3:12-cv-336/RS-CJK, 2012

6

WL 3155784, at *2 (N.D. Fla. 2012).  The Court in *Carles Construction, Inc., v. Travelers Cas. & Sur. Co. of Am.,* No 09-23645-C146IV, 2014 WL 11798514 (S.D. Fla. 2014) has held that "the confidentiality of mediation communications is not an inviable principle."  Rather, the Court, citing various exceptions to mediation confidentiality, stated that "privileges may be expressly or impliedly waived by conduct that puts ordinarily privileged matter at issue."  *Id.* at *2, *citing Savino v. Luciano,* 92 So.2d 817 (Fla. 1957).

Notably, in the case of *Mitchell v. Allstate Ins. Co.,* 2008 WL 11450645 (M.D. Fla. 2008), this Court considered a situation in which the defendant moved to strike an Affidavit proffered by the plaintiff in response to a summary judgment motion that revealed confidential information regarding the mediation procedures of a previous lawsuit.  *Id.,* at *3.  In deciding the issue, the Court applied the standards set forth in the Mediation Confidentiality and Privilege Act, Fla. Stat. §44.405 and Fla. Stat. §627.7459(5) and determined that, while mediation communications are confidential, "any information that is used generally throughout the case and is also included within the mediation process is precluded neither by §627.7459(5) nor §44.405(1).  Although the information in [the Affidavit] was used in mediation during the proceedings of the previous suit, it was used generally throughout the case and thus was precluded by neither §627.7459(5) nor §44.405(1)."  *Id.*

Additionally, the language contained in the Local Rules of the Middle District of Florida regarding mediation confidentiality also suggest that not every "communication" at mediation falls within the scope of confidential communications.  Pursuant to this Court's Order dated October 27, 2020, *In re: Amendments to the Local Rules of the United States District Court for the Middle District of Florida,* Case No. 8:20-mc-100-T-23, the Local Rules of this district were amended. The new rule relating to mediation confidentiality, M.D. Local Rule 4.03, provides that, to refer a

matter to mediation, the judge must enter an order that … "directs that *the substance of the mediation* is confidential and that no party, lawyer, or other participant is bound by, may record, or without the judge's approval may disclose any event, including *any statement confirming or denying a fact* – except settlement – that occurs during mediation."  Local Rule 4.03, M.D. Fla. (emphases added).[1]  It does not appear this Court has yet interpreted the scope of the confidentiality provision set forth in the new Local Rule 4.03, M.D. Fla., but the specific references to the "substance of the mediation" and "any statement confirming or denying a fact … that occurs during mediation" suggests a more limited scope of mediation statements to be considered confidential.

In this case, Rayonier's sanctions motion should be denied, first and foremost, because Amerisure's reference to the report in its counterclaim does not fall within the universe of confidential mediation communications.  Significantly, this is <u>not</u> a situation in which the report at issue in Amerisure's allegation was known to only one party but not the other and <u>not</u> a situation in which Amerisure pleaded information that was confidentially discussed solely within the Rayonier teleconference room or information that was not discussed in open session among all parties.  It is <u>not</u> a situation involving confidential settlement negotiations, demands, offers, or anything that could even potentially compromise the mediation itself.

Rather, as set forth in the Background section above, the Rayonier report at issue was raised and discussed at considerable length during the "opening session" presentations at the September mediation.  In that presentation, the parties acknowledged, as Rayonier does here, that the report at issue was produced by Rayonier as part of the written discovery process in the Underlying Action.  In that open session, Plaintiff expounded upon Rayonier's alleged findings in the report,

---

[1] By contrast, the previous Local Rule applicable to mediation confidentiality was Local Rule 9.07(b), which provided, in pertinent part, that "[a]ll proceedings of the mediation conference, including statements made by any party, attorney, or other participant, are privileged in all respects."

as well as the fact that the report will constitute a key centerpiece of his liability case against Rayonier in that case.  At no time was the report described by either party as confidential in any respect.

In its sanctions motion, Rayonier cannot dispute that Plaintiff in the Underlying Action already possesses the report or that Plaintiff has stated his intention to rely upon the report in attempting to prove Rayonier's liability in that case.  Rather, Rayonier has tacitly conceded that fact, arguing only that the report, which it contends addresses only subsequent remedial measures to make its plant safer, is the subject of a motion *in limine* in the Underlying Action.  Dkt. 15, at Pg. 3.

Significantly, Amerisure's allegation regarding the Rayonier report, referenced in three paragraphs of its counterclaim, relates to a document that Plaintiff has already made a centerpiece of his liability case against Rayonier.  As such, it is indisputable that the report is already at issue in the Underlying Action.  Meanwhile, the report is directly relevant to a key allegation in the instant declaratory judgment action, *i.e.,* whether Rayonier's liability, if any, was caused by its own alleged acts or omissions or whether its liability was caused by MJW's operations.

In its motion, Rayonier urges this Court to adopt an overly limited interpretation of the scope of mediation communications that are to be considered confidential.  However, under this Court's direction in *Mitchell v. Allstate Ins. Co.,* information used generally throughout a case, even if specifically discussed at mediation, falls outside the universe of confidential mediation communications.  In this case, the undisputed fact that the Rayonier report was produced during the discovery process in the Underlying Action, is already possessed by both parties in that case, and that Plaintiff intends to build a significant portion of his liability case against Rayonier around the report, clearly establishes that the report constitutes information used generally throughout the

Underlying Action.   Amerisure's sole allegation regarding the report, contained in three paragraphs of its counterclaim, therefore does not constitute a violation of mediation confidentiality.

Meanwhile, it is notable that, at the same time, Florida courts have uniformly held that claims and affirmative defenses not specifically pleaded in a compulsory counterclaim are thereby waived by the counterclaimant.  *See e.g., Montgomery Ward Dev. Corp. v. Juster*, 932 F.2d 1378, 1380–81 (11th Cir. 1991) (holding that a failure to raise a compulsory counterclaim results in a waiver of that claim); *Funding Sys. Leasing Corp. v. Pugh*, 530 F.2d 91, 96 (5th Cir. 1976) (holding that the defendant waived his affirmative defense argument relating to Georgia statutory requirements by failing to allege it in his answer).   Additionally, a party's failure to allege facts supporting its affirmative defenses can result in waiver of those defenses.  *See e.g., Wlodynski v. Ryland Homes of Fla. Realty Corp.*, No. 808-CV-00361-JDW-MAP, 2008 WL 2783148, at *2 (M.D. Fla. July 17, 2008).

In this case, a colorable argument exists that, because Amerisure was aware of the existence of the Rayonier report at the time it filed its compulsory counterclaim for declaratory relief in response to Rayonier's Complaint for Declaratory Relief, Amerisure was required to include allegations regarding the report or potentially waive its right to raise the issue later in the litigation. This issue has now been resolved by Amerisure's lack of opposition to Rayonier's Unopposed Motion to Strike the paragraphs of the counterclaim referencing the Rayonier report, without prejudice to its right to seek discovery of the report and to potentially use the report in this action if permitted by the Court.  *See* Rayonier's Unopposed Motion to Strike, Dkt. 15, at Pgs. 11-12.

II.   **Even if Amerisure's Allegations Regarding the Rayonier Report Fell Within The Scope of Mediation Confidentiality, Sanctions are Inappropriate Because there has been No Allegation or Showing of Bad Faith**

As a threshold matter to this issue, Rayonier's reliance upon Fla. Stat. §44.405-44.406 is misplaced and "must fail" on that ground, in addition to others. *See, Calton & Assocs., Inc. v. Simmers*, No. 8:20-CV-851-T-33CPT, 2020 WL 5910104 (M.D. Fla. Oct. 6, 2020). As this Court discussed at length in *Calton*, a Motion for Sanctions brought in this Court that is based upon §§ 44.405-44.406 fails. In so holding, this Court held that, " '[g]enerally speaking, where federal court jurisdiction rests on diversity of citizenship, federal courts are required to apply federal procedural law, and state substantive law.' " *Id.,* at Pg. 1, *quoting Rader v. Sunrise Senior Living Servs., Inc.*, No. 06-80275-CIV, 2007 WL 9751679, at *2 (S.D. Fla. Mar. 26, 2007). Explaining further, this Court stated that "[e]ven in diversity cases, federal courts apply federal rules or statutes where attorney's fees are awarded as a sanction, or where the state rule conflicts with a federal rule," *Radar, supra,* adding that "[t]he Court determines that Florida Statutes §§ 44.405-44.406 are procedural in nature and, thus, do not apply." *Id.* Rather, this Court held that, if sanctions were warranted for the alleged mediation confidentiality breach at issue in that case, "such sanctions would be granted pursuant to the Court's inherent authority." *Id.*

Significantly, as this Court further stated in *Calton*, " '[i]nvocation of the Court's inherent power requires a finding of bad faith.' " *Id., quoting Island Stone Int'l Ltd. v. Island Stone ndia Private Ltd.*, No. 6:16-cv-656-Orl-40KRS, 2017 WL 1437464, at *11 (M.D. Fla. Apr. 4, 2017), *report and recommendation adopted*, No. 6:16-cv-656-Orl-40KRS, 2017 WL 1426664 (M.D. Fla. Apr. 21, 2017). *See also In re Mroz,* 65 F.3d 1567, 1575 (11th Cir. 1995); *Powell v. Carey International, Inc.,* 547 F. Supp. 2d 1281 (S.D. Fla. 2008). The *Calton* Court[2] further

---

[2] The *Calton* Court held that the Middle District Local Rule in effect at the time, Local Rule 9.07(b) applied to interpretation of the issue of mediation confidentiality in that case.

explained that " '[I]n determining whether sanctions are appropriate under the bad faith standard, the court focuses on the conduct and motive of a party, rather than on the validity of the case,' " adding that " 'acts which degrade the judicial system,' including 'attempts to deprive the Court of jurisdiction, fraud, misleading and lying to the Court,' ... are sanctioned through the court's inherent power." *Id.,* quoting *Stonecreek – AAA, LLC, v. Wells Fargo Bank, N.A.,* No. 1:12-CV-23850, 2014 WL 12514900, at *1 (*quoting Chambers v. Nasco, Inc.,* 501 U.S. 32, 42).

The issue of whether sanctions are appropriate in cases of alleged violations of mediation confidentiality was addressed by the Court in the case of *Powell v. Carey Int'l, Inc.*, 547 F. Supp. 2d 1281, 1298–99 (S.D. Fla. 2008), *aff'd,* 323 F. App'x 829 (11th Cir. 2009).  The Court determined that "[t]he key to unlocking a court's inherent power to impose a sanction is a finding of bad faith," (citation omitted) adding that a " 'finding of bad faith is warranted where an attorney knowingly or recklessly raises a frivolous argument, or argues a meritorious claim for the purpose of harassing an opponent. A party also demonstrates bad faith by delaying or disrupting the litigation or hampering enforcement of a court order.' " *Id.* (citations omitted).  Additionally, the Court, in declining to issue sanctions for violation of mediation confidentiality regarding the settlement negotiations in the case, determined that the lack of prejudice to the movant dictated in favor of not issuing sanctions, holding that "Plaintiffs cannot be prejudiced by the release of such information, as there is considerable evidence in the record that Plaintiffs sought inordinately high damage awards throughout this litigation." *Id.*

Likewise, in the case of *Invs. Ins. Co. of Am. v. Waterproofing Sys. of Miami, Inc.,* No. 11-62624,-CIV, 2012 WL 13006023, (S.D. Fla. 2012), the Court found that, even though the plaintiff disclosed a confidential mediation statement in a pleading, sanctions were not warranted.  Rather, the Court rejected the defendant's demand for sanctions, holding that, because the information

revealed was already public knowledge, "the disclosure was harmless" and "the Defendant was not prejudiced by the disclosure." *Id.* at *2.

Moreover, even if, contrary to this Court's express holding in *Calton,* the provisions of the Florida Mediation Confidentiality and Privilege Act, Fla. Stat. §§44.405-44.406 are deemed to control the issue of sanctions before this Court, those provisions do not *require* the imposition for sanctions as Rayonier contends.  Rather, in *Scott v. Miami Dade County*, No. 13-23013-CV, 2021 WL 1653351 (S.D. Fla. Jan. 6, 2021), the Court specifically examined and then rejected the very assertion Rayonier makes here, *i.e.,* that sanctions are *required* under the Act.

In *Scott*, the Court, considering a motion for sanctions for alleged violation of mediation confidentiality, determined that the "permissive language of both Fla. Stat. § 44.405 and S.D. Fla. L.R. 16.2(g)(2) [the Southern District's Local Rule applying to mediation confidentiality] suggest that the determination of whether to sanction a violation of the mediation confidentiality privilege *is within the discretion of the Court and is not required in all instances*." *Id.*  at *3 (emphases added).  In making this determination, the Court explained that "[i]n first looking to §44.405, the statute states that '[a] violation of this section *may* be remedied as provided by §44.406.' Fla. Stat. § 44.405(1)." *Id.* (emphasis in original).  The Court added that "[t]he next sentence repeats the permissive language, stating that '[i]f the mediation is court ordered, a violation of this section *may* also subject the mediation participant to sanctions by the court, including, but not limited to, costs, attorney's fees, and mediator's fees.' " *Id.* (emphasis in original).  Additionally, the Court found it significant that the Southern District's Local Rule regarding mediation confidentiality "does not incorporate §44.406, and makes no mention of sanctions at all." *Id.*

Interpreting §44.405, further, the *Scott* Court specifically considered the argument asserted by Rayonier here, *i.e.,* that the provision in §44.406 providing that "[a]ny mediation participant

who knowingly and willfully discloses a mediation communication in violation of §44.405 shall, upon application by any party to a court of competent jurisdiction, be subject to remedies ...” Fla. Stat. § 44.406(1).”  The Court soundly rejected that argument, holding that “the use of the word ‘shall’ does not necessarily require the Court to impose sanctions for at least two reasons,” explaining that, “[f]irst, because ‘shall’ is not mandatory language in all circumstances,” *citing State v. Thomas*, 528 So. 2d 1274, 1275-76 (Fla. 3d DCA 1988) (holding that “whether ‘shall’ is mandatory or discretionary will depend ... upon the context in which it is used and the legislative intent expressed in the statute”).  *Id.*

The Court found that, in applying Fla. Stat. § 44.406(1), “the context suggests that the ‘shall’ is discretionary because of the permissive language found in the preceding statute, § 44.405, and because it is specifically referring to the Court's discretion to select from an open-ended list of potential sanctions.”  *Id.*  Evaluating the statute further, the Court determined that, in §44.406, “there is no requirement that the Court select any of the listed sanctions, or any sanction at all for that matter.”  *Id.*  Finally, the Court also determined that the language of the statute “suggests sanctions are discretionary because ‘shall’ in the statute is in relation to a person being “subject to remedies,” which is itself not mandatory,” (citations omitted), concluding that *“*under the Florida statute, the Court is not required to sanction Plaintiff, even assuming a violation of the statute.” *Id.*

In this case, even if the Court determines that Amerisure’s counterclaim allegation constituted a confidential mediation statement, Rayonier’s demand for sanctions still must be denied.  As this Court made clear in its ruling in *Calton v. Simmers* last year, sanctioning a party for a breach of mediation confidentiality requires a finding of bad faith.  There are no facts relating to this matter, nor any allegations in Rayonier’s motion, that would demonstrate that Amerisure

14

acted in bad faith by including the allegation at issue in its counterclaim.  In fact, in its sanctions motion, Rayonier acknowledges that Amerisure did not intend to violate the mediation confidentiality.  Dkt. 15, at Pg. 6.

To the contrary, it is clear that, pursuant to the holdings in *Mitchell v. Allstate Ins.,* and the other authorities referenced in Section I above, a good-faith argument exists that Amerisure's reference to the Rayonier report in its counterclaim fell outside the scope of mediation confidentiality, in light of the nature of the report, the fact that both parties in the Underlying Action already had it, and its apparent use throughout the Underlying Action.  At the same time, a colorable argument exists that Amerisure could have waived its right to support its counterclaim upon that report had it not referenced it in its initial pleading.  As such, these factors weigh heavily against a finding of bad faith on Amerisure's part.

Moreover, in examining the bad faith standards applied by Courts in evaluating whether sanctions are appropriate, it is evident sanctions are unwarranted here.  Notably, Rayonier does not allege Amerisure acted in bad faith by including the report allegation in its counterclaim. Moreover, it cannot conceivably be argued that Amerisure's allegation regarding the report falls within the ambit of acts that "degrade the judicial system" or "attempts to deprive the Court of jurisdiction, fraud, misleading and lying to the Court," as discussed in this Court's ruling in *Calton.* Likewise, the counterclaim allegation clearly does not fall within the universe of acts with the purpose of harassing an opponent or "delaying or disrupting the litigation or hampering enforcement of a court order," as discussed by the *Mitchell* Court.  Rather, it is indisputable that Amerisure's counterclaim allegation was directly relevant to a key insurance coverage issue in dispute in this declaratory judgment action, *i.e.,* whether Rayonier's liability in the Underlying Action, if any, was caused in whole or in part by MJW's ongoing operations or the result of its

 History

own alleged negligent acts or omissions.  Finally, the allegation cannot reasonably be argued to cast a "chill" on mediation proceedings, as discussed in *Scott*, given that the report at issue is already possessed by both parties and is a central issue in the Underlying Action.

Additionally, for much the same reasons, the counterclaim allegation cannot reasonably be construed to cause any prejudice whatsoever to Rayonier.  As noted above, the report already is at issue in the Underlying Action, so the allegation did not provide the plaintiff with confidential information he otherwise would not have possessed.  Further, prejudicing Rayonier in the Underlying Action would not benefit Amerisure in any respect because if Rayonier is found not liable in that case, Rayonier's demand for indemnification of damages in the instant declaratory judgment action would be moot.  Indeed, Rayonier's argument, offered without specifics or support, that Amerisure's allegation regarding the report could potentially prejudice Rayonier in the Underlying Action is at least somewhat disingenuous in light of Rayonier's allegations in its original Complaint for Declaratory Judgment, in which it alleges in Paragraph 26:

> 26.   While defending the Underlying Action, Amerisure also violated its obligations to act fairly, reasonably and honestly to protect the interests of its insured, RPF, and instead limited the defense it provided in the Underlying Action based on its belief that it would eventually deny coverage to RPF. Specifically, and without limitation, Amerisure compromised the defense of the Underlying Action, refused to approve service of offers of settlement to the Plaintiffs, and refused to authorize experts recommended by defense counsel.

Dkt. 4, at ¶26.

Amerisure acknowledges Rayonier's right to waive its attorney-client and insurer-insured privileges in this regard.  However, given the potential implications of those allegations upon the Underlying Action, particularly regarding the settlement offers and the retention of expert witnesses, Rayonier's stated concerns regarding Amerisure's counterclaim reference to a report already in the plaintiff's hands are, at best, unpersuasive.

### III.    The Sanctions Sought by Rayonier are Unwarranted Under the Law
And the Circumstances of this Case

In its motion, Rayonier asks this Court to strike Amerisure's counterclaim and order it to defend Rayonier in the Underlying Action, *i.e.,* resolve this entire declaratory judgment action in Rayonier's favor.   Rayonier also demands monetary relief in the form of reimbursement of mediation costs and attorney fees.

Rayonier's demand that this Court strike Amerisure's counterclaim and resolve this action in Rayonier's favor is a gross overreach and entirely unsupported by the law and the circumstances at issue.  It is well-established that dismissing a party's action as a sanction is a drastic action that is unwarranted in all but the most egregious cases.  *See, e.g., Leigh v. Avossa,* No. 16-CV-81612, 2017 WL 4574664 (S.D. Fla. 2017) (holding that 'dismissal with prejudice is an extraordinary remedy' and 'simply too harsh a sanction' even where repeated instances of the plaintiff's bad faith were demonstrated). *See also, Invs. Ins. Co. of Am v. Waterproofing Sys. Of Miami, Inc.*, No. 11-62624-CIV. 2012 WL 13006023, (S.D. Fla. 2012) (holding that 'draconian sanctions' of dismissing Plaintiff's claim inappropriate even where the plaintiff was shown to violate mediation confidentiality).

To the contrary, if a party fails to provide support for the sanctions sought or suggested lesser sanction, the denial of a Motion for Sanctions is appropriate.  This Court, in the case of *Matter of A.B.K. Enterprises, Inc.*, No. 8:18-CV-191-T-30TGW, 2019 WL 1004705 (M.D. Fla. Feb. 12, 2019), *report and recommendation adopted sub nom. ABK Enterprises, Inc.*, No. 8:18-CV-191-T-30TGW, 2019 WL 1244319 (M.D. Fla. Mar. 18, 2019), denied the petitioner's motion demanding dismissal of the claimant's action for violating mediation confidentiality.  In its ruling, this Court determined that dismissing the claim was not an appropriate remedy for the violation at issue, noting that, " '[d]ismissal of a case with prejudice is considered a sanction of last resort,

17

applicable only in extreme circumstances,' " that "dismissal is used only in extreme situations because 'the court has a wide range of lesser sanctions,' " and "[c]onsequently, the drastic remedy of dismissal is 'to be used only in those situations where a lesser sanction would not better serve the interests of justice.' " *Id.,* at *4.  The Court further held that, because the petitioners filed its sanctions motion and could not provide a meaningful argument with respect to an appropriate sanction to be imposed, denial of the motion was appropriate. *Id.*

In the instant action, Rayonier's demand that the Court strike Amerisure's counterclaim and essentially resolve the declaratory judgment dispute in Rayonier's favor is entirely unwarranted under Florida law and by the circumstances of this case.  As discussed above, Amerisure's counterclaim allegation does not constitute a violation of mediation confidentiality and, even if the Court were to decide it does, the allegation does not constitute bad faith warranting any sanctions whatsoever, much less the draconian step of dismissal of Amerisure's counterclaim.

The cases cited by Rayonier in its demand for sanctions are inapposite to the circumstances here and easily distinguishable.  In the state court case of *Paranzino v. Barnett Bank of S. Fla., N.A.,* 690 So.2d 725 (Fla. 4th DCA 1997), the Court considered a situation in which the plaintiff made repeated statements to the media regarding the specific settlement offers made by the defendant during mediation, arguing in the media that the plaintiff's rejection of the offers proved she was not guilty of fraud.  In *Macombe v. Russell Life Skills,* 2014 WL 11531569 (S.D. Fla. Oct. 7, 2014), the Court considered a situation in which the plaintiff publicly posted to more than 5,000 Facebook friends, including potential witnesses in the case, admissions regarding the defendants' admission of liability during mediation and its settlement offer of $25,000, which the Court found to implicate the defendant's right to a fair trial.

In this case, Amerisure's allegation regarding a report in the possession of all parties and already comprising a central issue in the Underlying Action is clearly distinguishable from a party making repeated media statements regarding settlement offers for her personal benefit or a party's admission of liability made during confidential mediation discussions and a related settlement offer.

Moreover, Rayonier's demand for monetary sanctions is also unwarranted.  Rayonier's demand for reimbursement of mediation costs is unfounded because it has not stated any facts that would show or even suggest that the mediation at issue was compromised in any respect by Amerisure's counterclaim allegations or that the allegations could potentially "chill" mediation proceedings.  Again, the report at issue was simply not a confidential communication, but is a central part of the Underlying Action.

Similarly, Rayonier's demand for reimbursement of its fees in bringing this action is also unwarranted.  As stated above, Amerisure's counterclaim allegation did not violate mediation confidentiality.  However, even in the event reference to the report were to be deemed to fall within the scope of mediation confidentiality, the matter has already been resolved by Rayonier's Unopposed Motion to Strike the paragraphs from Amerisure's counterclaim, without prejudice to Amerisure's right to seek discovery of the report and to potentially use the report in this action, to which Amerisure did not oppose in light of the non-waiver language.  In fact, had Amerisure not already stated its lack of opposition to Rayonier's motion to strike the counterclaim allegation, the only appropriate and reasonable sanction – if any were warranted at all – would be for the Court to strike the allegation without prejudice to Amerisure's right to pursue the matter further.  Because this has already been effectuated by Rayonier's Unopposed Motion, no further sanctions at all are warranted here.

WHEREFORE, for the reasons set forth above, AMERISURE INSURANCE COMPANY respectfully requests that this Honorable Court deny Rayonier's Motion for Sanctions.

Dated:   November 3, 2021                    HUSTON, MAY & FAYEZ, LLC

                                   By:     /s/  Gerald W. Huston
                                           GERALD W. HUSTON

                                           **Attorney for Defendant/Cross-Claim Plaintiff
                                           Amerisure Insurance Company**

Gerald W. Huston (Fla. Bar. No. 104091)
HUSTON, MAY & FAYEZ, LLC
205 W. Randolph Street, Ste. 950
Chicago, IL 60606
Telephone:  (312) 837-3338
Facsimile:  (312) 600-6971
ghuston@hustonmay.com

CERTIFICATE OF SERVICE:

I HEREBY CERTIFY that on November 3, 2021, a true and correct copy of the

foregoing Defendant/Counterclaim Plaintiff Amerisure Insurance Company's Response in

Opposition to Plaintiff/Counterclaim Defendant Rayonier's Motion for Sanctions, and related

exhibit have been furnished electronically to:

Frederick D. Page
Holland & Knight, LLP
50 North Laura Street, Ste. 3900
Jacksonville, FL 32202

via e-mail and via the Court's CM/ECF system.


By:     /s/  Gerald W. Huston
        GERALD W. HUSTON
        **Attorney for Defendant/Cross-Claim Plaintiff
        Amerisure Insurance Company**


Gerald W. Huston (Fla. Bar. No. 104091)
HUSTON, MAY & FAYEZ, LLC
205 W. Randolph Street, Ste. 950
Chicago, IL 60606
Telephone:  (312) 837-3338
Facsimile:  (312) 600-6971
ghuston@hustonmay.com