United States District Court
Middle District of Florida
Jacksonville Division

**RAYONIER PERFORMANCE FIBERS, LLC,**

    *Plaintiff and Counter-Defendant,*

v.   No. 3:21-cv-962-TJC-PDB

**AMERISURE INSURANCE COMPANY,**

    *Defendant and Counterclaimant.*

_____

# Order

Rayonier moves to strike allegations from Amerisure's counterclaim and for other remedies. Doc. 15. Amerisure opposes only the other remedies. Doc. 17.

Rayonier contracted with Milton J. Wood Company to maintain, repair, and improve a Rayonier facility. Doc. 4 ¶ 7. While working there, a Milton employee was injured. Doc. 4 ¶¶ 15–17. Rayonier investigated and prepared a report about the incident. Doc. 7 ¶¶ 14–15.

The Milton employee is suing Rayonier in state court. Doc. 4 ¶ 18. Rayonier contends the report is work product but produced the report during discovery in that litigation, labeling the report "confidential" under a confidentiality agreement. Doc. 15 at 4; *see* Doc. 15-2 (agreement). In the opening session of a mediation, the employee's counsel discussed the report "at

considerable length." Doc. 17-1 ¶ 3. Through a pending motion in limine, Rayonier has asked the state court to exclude the report on the ground that the report suggests subsequent remedial measures. Doc. 15 at 3; Doc. 17 at 9.

Amerisure is Milton's insurer and initially tendered a defense for Rayonier for the state action. Doc. 4 ¶¶ 9, 25. At Rayonier's invitation, Amerisure's counsel attended the mediation and thus was privy to the discussion about the report. Doc. 17-1 ¶ 2. No one mentioned the report was labeled "confidential" under the confidentiality agreement. Doc. 17-1 ¶ 3.

Amerisure later withdrew its defense of Rayonier, prompting the current action. Doc. 4 ¶ 25; Doc. 15 at 2. Rayonier sues Amerisure, and Amerisure counterclaims, with Rayonier demanding damages and both sides requesting declaratory relief. Docs. 4, 7. Amerisure removed the case from state court based on diversity jurisdiction. Doc. 1.

Amerisure never received a copy of the report but includes in its counterclaim allegations about the report and its findings. *See* Doc. 7 ¶¶ 15, 22, 22 (misnumbered). Amerisure explains the findings relate to fault, which determines whether Rayonier is an additional insured under the policy, which determines whether Amerisure has a duty to defend or provide coverage. Doc. 17 at 4. The allegations are the subject of the current motion.

The law on which Rayonier relies for its motion to strike the allegations is Federal Rule of Civil Procedure 12(f). Doc. 15 at 1, 6. Rule 12(f) permits a court to strike from a pleading "any redundant, immaterial, impertinent, or scandalous matter." Rayonier relies on two non-binding cases that applied Rule 12(f) to strike from pleadings privileged communications. *See* Doc. 15 at 6 (citing *Sims v. Roux Labs., Inc.*, No. CIV. A. 06-10454, 2007 WL 2571941 (E.D. La. Aug. 31, 2007), and *McClendon v. Hewlett-Packard Co.*, No. CV-05-

087-S-BLW, 2005 WL 1421395 (D. Idaho June 9, 2005)). Here, the Court is unable to find that any of those adjectives—redundant, immaterial, impertinent, or scandalous—aptly describe the challenged allegations. Striking under Rule 12(f) is thus unwarranted. Still, because Rayonier wants the allegations gone, and Amerisure has no objection to that relief, the Court **directs** Amerisure to file an amended pleading omitting those allegations and fixing the paragraph numbering by **December 3, 2021**.

Amerisure contends that "had Amerisure not referenced the report in its counterclaim, a good-faith argument would exist that it waived its claim relating to the contents of the report." Doc. 17 at 2. Amerisure also contends it "was required to include the allegations regarding the report or potentially waive its right to raise the issue later in the litigation." Doc. 17 at 10. How the failure to allege facts in a pleading could operate as a waiver of the ability to use those facts to support a claim is unclear. In any event, this order operates to remove the allegations from the pleading, not to preclude Amerisure from trying to rely on the report to support its claim or Rayonier from challenging Amerisure's ability to rely on the report to support its claim.

The law on which Rayonier relies for other remedies is Florida's Mediation Confidentiality and Privilege Act, Fla. Stat. §§ 44.401–44.406. Doc. 15. Rayonier asks the Court to not only strike the allegations but also to strike the rest of the counterclaim, order Rayonier to fully defend Rayonier in the state case, and award Rayonier the attorney's and mediator's fees it incurred for the mediation and the current motion. Doc. 15 at 11. Although Rayonier appears to contend the confidentiality agreement in the state case applies to Amerisure, Doc. 15 at 4–5 n.1, Rayonier does not request relief for any alleged breach of that agreement, *see generally* Doc. 15.

Under section 44.405 of the Act, "all mediation communications shall be confidential," and a "mediation participant shall not disclose a mediation communication to a person other than another mediation participant or a participant's counsel." Fla. Stat. § 44.405(1). "'Mediation communication' means an oral or written statement, or nonverbal conduct intended to make an assertion, by or to a mediation participant made during the course of a mediation, or prior to mediation if made in furtherance of a mediation." *Id.* § 44.403(1). "'Mediation participant' means a mediation party or a person who attends a mediation in person or by telephone, video conference, or other electronic means." *Id.* § 44.403(2). Inclusion of a mediation communication in a public court filing can be a violation. *Moultrop v. GEICO Gen. Ins. Co.*, 304 So. 3d 1, 8 (Fla. 4th DCA 2020).

Section 44.405 states that a violation of the prohibition on disclosing a mediation communication "may be remedied" by section 44.406. Fla. Stat. § 44.405(1). Section 44.406 in turn provides that any mediation participant "who knowingly and willfully discloses a mediation communication … shall, upon application by any party to a court of competent jurisdiction, be subject to remedies, including: (a) Equitable relief. (b) Compensatory damages. (c) Attorney's fees, mediator's fees, and costs incurred in the mediation proceeding. (d) Reasonable attorney's fees and costs incurred in the application for remedies under this section." *Id.* § 44.406(1). As one federal district court convincingly explained—with no Florida court holding otherwise—neither remedies nor those particular remedies are mandatory:

> First, because "shall" is not mandatory language in all circumstances. *See State v. Thomas*, 528 So. 2d 1274, 1275-76 (Fla. 3d DCA 1988) ("whether 'shall' is mandatory or discretionary will depend … upon the context in which it is used and the legislative intent expressed in the statute.") (citations omitted). Here, the context suggests that the "shall" is discretionary because of the permissive language found in the

4

> preceding statute, § 44.405, and because it is specifically referring to the Court's discretion to select from an open-ended list of potential sanctions. Further, in § 44.406, there is no requirement that the Court select any of the listed sanctions, or any sanction at all for that matter. Third, the language suggests sanctions are discretionary because "shall" in the statute is in relation to a person being "subject to remedies," which is itself not mandatory. *See* Merriam-Webster Online (defining "subject to" as "affected by or possibly affected by (something)") …. Thus, under the Florida statute, the Court is not required to sanction Plaintiff, even assuming a violation of the statute.

*Scott v. Miami Dade Cnty.*, No. 13-23013-CV, 2021 WL 1653351, at *3 (S.D. Fla. Jan. 6, 2021); *see also* Bryan A. Garner, *Shall We Abandon Shall?*, 98 A.B.A. J. 26 (Aug. 2012) (explaining "shall" is an ambiguous word that can be read to make a law mandatory or permissive).[1]

Rayonier assumes the remedy provision of the state law applies in this federal court action. *See generally* Doc. 15. But the issue is not clear-cut. Rayonier relies on federal law for the other remedy it requests (striking the allegations). *See* Doc. 15 at 1, 6. The Act does not define "court of competent jurisdiction" to which an application for remedies must be made. *See generally* Fla. Stat. §§ 44.401–44.406. While Florida may have an interest in protecting mediation communications in all jurisdictions to foster the type of uninhibited discussion that makes settlement more likely, federal courts have an interest in determining the appropriate way to address a challenge to allegations in pleadings in federal court. At least one judge of this Court has held the Act is procedural and thus inapplicable in a diversity action in federal court. *See*

---

[1] Rayonier contends without analysis the remedies are mandatory, citing the remedy provision itself and *Drummond v. Zimmerman*, 454 F. Supp. 3d 1207, 1209 (S.D. Fla. 2020). Doc. 15 at 5. While federal district courts in both *Drummond* and *Bahrakis v. Zimmerman*, No. 8:19-cv-2948-SCB-SPF, 2020 WL 8872587, at *1, *2 (M.D. Fla. Apr. 20, 2020), used "mandatory" to describe the remedy provision, they did so without analyzing the issue of whether the sanctions are in fact mandatory. Those cases thus do not serve as persuasive authority on the issue.

*Calton & Assocs., Inc. v. Simmers*, No. 8:20-cv-851-VMC-CPT, 2020 WL 5910104, at *1 (M.D. Fla. Oct. 6, 2020).[2]

In any event, assuming without deciding that the Act applies here, and also assuming without deciding that Amerisure's inclusion of the allegations in its pleading violated the Act's prohibition on disclosing a mediation communication, the remedies Rayonier requests are disproportionate to the alleged violation. Nothing beyond requiring Amerisure to amend its pleading to omit the allegations is warranted. Amerisure merely alleged the existence and findings of a report that Rayonier prepared in response to the incident and provided to its state-court adversary during state-court discovery. The Act provides that "[i]nformation that is otherwise admissible or subject to discovery does not become inadmissible or protected from discovery by reason of its disclosure or use in mediation." Fla. Stat. § 44.405(5). Commentary to the nearly identical provision in the Uniform Mediation Act explains:

> This provision acknowledges the importance of the availability of relevant evidence to the truth-seeking function of courts and administrative agencies, and makes clear that relevant evidence may not be shielded from discovery or admission at trial merely because it is communicated in a mediation. For purposes of the mediation privilege, it is the communication that is made in a mediation that is protected by the privilege, not the underlying evidence giving rise to the communication. Evidence that is communicated in a mediation is

---

[2]The judge instead analyzed a federal court's inherent authority to impose sanctions for improper conduct in federal court. *See Calton*, 2020 WL 5910104, at *1–2; *see Purchasing Power, LLC v. Bluestem Brands, Inc.*, 851 F.3d 1218, 1223 (11th Cir. 2017) (observing federal courts "have the inherent power to police those appearing before them").

For the discovery and admissibility of evidence in federal court, several federal laws address confidentiality (the duty to keep information secret) and privilege (the protection of information from compelled disclosure). *See* Fed. R. Civ. P. 26(c) (protection of confidential information during discovery); Fed. R. Evid. 408 (admissibility of evidence of compromise and negotiations); Fed. R. Evid. 501 (claims of privilege; directing state law to apply in certain contexts); Local Rule 4.03(g) (confidentiality of certain mediation events).

> subject to discovery, just as it would be if the mediation had not taken place.

Uniform Mediation Act § 4, comment.; *see also Ramada Dev. Co. v. Rauch*, 644 F.2d 1097, 1107 (5th Cir. Unit B, May 14, 1981) (explaining that a similarly worded provision was "intended to prevent one from being able to immunize from admissibility documents otherwise discoverable merely by offering them in a compromise negotiation" but not applying the provision for a document that would not have existed but for the mediation (internal quotation marks omitted)). Amerisure, like the Milton employee in the state litigation, can request the report during discovery, and Rayonier cannot respond with a claim of mediation privilege. These circumstances are different from those in the case on which Rayonier relies, *Drummond v. Zimmerman*, 454 F. Supp. 3d 1207 (S.D. Fla. 2020), *see* Doc. 15 at 5–6, where a mediation participant detailed in a pleading an unsigned agreement proposed at a mediation to try to resolve the dispute.

Rayonier contends Amerisure's allegations about the report "could potentially undermine [Rayonier's] defense" of the state action or this action because Amerisure mischaracterizes the contents of the report and Rayonier cannot respond to the mischaracterizations without violating the Act or the confidentiality agreement. Doc. 15 at 4. But in its answer to the counterclaim, Rayonier specifically denies the allegations "[t]o the extent a response is necessary" and adds, "The allegations of the [state complaint] demonstrate conclusively that the injuries in question would not have occurred but for (1) the operations of [Milton], and (2) the premises that [Milton] and its workers occupied at the time of the accident. Thus, any liability of [Rayonier] that may result from the underlying action was caused in whole or in part by the operations of [Milton] and/or the premises [Milton] occupied at the time of the accident." Doc. 14 at 7, 10–11. How denied allegations or further responding to

7

the allegations could realistically harm Rayonier in litigation is unclear. In any event, requiring Amerisure to file an amended pleading omitting the allegations addresses the concern.

Thus, the Court **denies** the motion, Doc. 15, except to the extent stated.

**Ordered** in Jacksonville, Florida, on November 19, 2021.

PATRICIA D. BARKSDALE
*United States Magistrate Judge*